1
2
3
4
5              **UNITED STATES DISTRICT COURT**
6                  **DISTRICT OF NEVADA**
7
8    UNITED STATES OF AMERICA,                    )
9                              Plaintiff,          )   Case No.  2:11-cr-00334-APG-GWF
                                                   )
10   vs.                                           )   **FINDINGS &**
                                                   )   **RECOMMENDATIONS**
11   TRACEY BROWN,                                 )
                                                   )   **Motion to Dismiss (#124)**
12                             Defendant.          )
13   _____)

14          This matter is before the Court on Defendant Tracey Brown's Motion to Dismiss Counts 1-

15   4 (#124), filed on August 13, 2014.  The Government filed its Response (#130) on August 29,

16   2014, and Defendant filed his Reply (#131) on September 4, 2014.  The Court conducted a hearing

17   in this matter on September 18, 2014

18                              **BACKGROUND**

19          Defendant Tracey Brown is charged in a five count indictment filed on September 13, 2011

20   with (1) conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 ("the

21   Hobbs Act"); (2)  brandishing and discharging a firearm in furtherance of a crime of violence in

22   violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) and 18 U.S.C. § 2; (3) interference with

23   commerce by robbery in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2; (4) brandishing a firearm

24   during a crime of violence in violation of  18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2; and (5)

25   felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

26          Counts One through Four arise out of the alleged robbery of a service station by Defendant

27   and the former co-defendant.  Count One alleges that the "defendants herein, did agree and conspire

28   together . . . . to unlawfully obstruct, delay or affect commerce, as that term is defined in Title 18,

United States Code, Section 1951, and the movement of articles and commodities in such commerce by robbery . . .  in that the defendants did unlawfully take and obtain property consisting of cash monies and other property, from a Rebel Gas Station located at 1080 S. Rainbow, Las Vegas, NV 89146, a business that affects interstate commerce . . . ."  Count Three further alleges that Defendants took cash monies and other property from the person of an employee of the Rebel Gas Station against his will by means of actual or threatened force or violence. *Indictment (#1), pgs. 1-3.*

Defendant argues that Counts One through Four should be dismissed because (1) the charged acts do not substantially affect interstate commerce as required by statute, (2) the listed charges are purely state charges and have been previously filed in state court, and (3) permitting Defendant to answer to these charges would result in an unconstitutional application of the commerce clause and the respective statutes. *Motion (#124), pg. 2.*  In support of his motion, Defendant asserts that the Rebel Gas Station is owned and operated by a Nevada corporation which only does business in Nevada.  The Government argues that Defendant's motion to dismiss is premature because it is premised on factual assertions outside the four corners of the indictment that can only be resolved at trial.  The Government also argues that Defendant's assertion that the charged crimes must substantially affect interstate commerce is an incorrect statement of the law regarding the application of the interstate commerce requirement under the Hobbs Act.

**DISCUSSION**

In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment. *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014), citing *United States v. Boren*, 278 F.3d 911, 913 (9th Cir. 2003).  The court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.*  A motion to dismiss an indictment cannot be used as a device for summary trial of the evidence, and the court should not consider evidence not appearing on the face of the indictment.  *United States v. Boren*, 278 F.3d at 914, citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1995).

. . .

1    The indictment in this case alleges that the Rebel Gas Station which Defendant allegedly

2    conspired to rob and did rob is "a business that affects interstate commerce."  Defendant does not

3    allege that the indictment fails to plead the essential elements of a conspiracy or robbery under the

4    Hobbs Act, including the required nexus with interstate commerce.  Rather, Defendant contends

5    that the Rebel Gas Station is an intrastate business that is not engaged in interstate commerce.  This

6    is a factual issue to be determined at trial.  If the Government fails to present evidence at trial

7    sufficient to establish the interstate commerce requirement, then Defendant may move for acquittal

8    under Fed.R.Crim.P. 29.

9         The Court is also not persuaded by Defendant's argument that the Government must prove

10   that the charged acts substantially affect interstate commerce, or that the charges should be

11   dismissed based on a showing that the Rebel Gas Station is owned by a Nevada corporation that is

12   engaged in business only in Nevada.  The Hobbs Act, 18 U.S.C. § 1951(a) states:

13       Whosoever in any way or degree obstructs, delays, or affects
         commerce or the movement of any article or commodity in
14       commerce by robbery or extortion or attempts or conspires so to do,
         or commits or threatens physical violence to any person or property
15       in furtherance of a plan or purpose to do anything in violation of this
         section shall be fined under this title or imprisoned not more than
16       twenty years, or both.

17   Section 1951(b)(3) defines "commerce as follows:

18       The term "commerce" means commerce within the District of
         Columbia, or any Territory or Possession of the United States; all
19       commerce between any point in a State, Territory, Possession, or the
         District of Columbia and any point outside thereof; all commerce
20       between points within the same State through any point outside such
         State; and all other commerce over which the United States has
21       jurisdiction.

22        The Ninth Circuit has held that under the Hobbs Act the Government need only establish

23   that a defendant's acts had a *de minimis* effect on interstate commerce.  *United States v. Lynch*, 437

24   F.3d 902, 908 (9th Cir. 2006) (en banc), citing *United States v. Atcheson*, 94 F.3d 1237, 1241 (9th

25   Cir. 1996) and *United States v. Phillips*, 577 2d 495, 501 (9th Cir. 1978).  "The interstate nexus

26   requirement is satisfied by 'proof of a probable or potential impact' on interstate commerce."  *Id.*,

27   quoting *United States v. Huynh*, 60 F.3d 1386, 1389 (9th Cir. 1995).  "The government need not

28   show that a defendant's acts actually affected interest commerce."  *Id.  Lynch* noted that the Ninth

1    Circuit has consistently upheld convictions under the Hobbs Act even where the connection to

2    interstate commerce was slight.  *Id.* at 909, citing *United States v. Atcheson*, 94 F.3d at 1243.

3         In *United States v. Atcheson*, 94 F.3d 1237, 1241-3 (9th Cir. 1996), the court held that

4    *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624 (1995), which invalidated the Gun-Free

5    School Zones Act, 18 U.S.C. § 922(q)(1)(A), did not invalidate the law of the Ninth Circuit that the

6    Government need only show a *de minimis* effect on interstate commerce to support a violation of

7    the Hobbs Act.  *Lopez* stated that there are three broad categories of activity that Congress may

8    regulate under the Commerce Clause: (1) the use of the channels of interstate commerce; (2) the

9    instrumentalities of interstate commerce, or persons or things in interstate commerce, even though

10   the threat may come only by intrastate activities; and (3) those activities having a substantial

11   relation to interstate commerce.  *Lopez* concluded that the Gun-Free School Zones Act did not

12   involve the first two categories.  Addressing the third category, the Supreme Court concluded that

13   the proper test for a statute "'which neither regulates a commercial activity nor contains a

14   [jurisdictional] requirement that the [regulated activity] be connected in any way to interstate

15   commerce' was whether the regulated activity 'substantially affects interstate commerce.'"

16   *Atcheson*, at 1271, quoting *Lopez,* 115 S.Ct. at 1626, 1630.   With respect to the Gun-Free School

17   Zones Act, the Supreme Court concluded that "'[t]he possession of a gun in a local school zone is

18   in no sense an economic activity that might, through repetition elsewhere substantially affect any

19   sort of interstate commerce.'" *Id.*  In holding that  *Lopez* did not apply to prosecutions under the

20   Hobbs Act, *Atcheson* stated:

21           In contrast to the Gun-Free School Zones Act, which was aimed at
             purely local, noneconomic activities, the Hobbs Act is directly aimed

22           at economic activities which "in any way or degree . . . affects
             commerce."  18 U.S.C. § 1951(a).  . . .  Because the Hobbs Act is

23           concerned solely with *inter* state, rather than *intra* state, activities, we
             conclude that *Lopez's* "substantial affects" test is not applicable.

24        94 F.3d at 1242.

25

26        More recently in *United States v. Shavers*, 693 F.3d 363 (3rd Cir. 2012), the Third Circuit

27   reiterated that *Lopez's* "substantial affects" test does not apply to prosecutions under the Hobbs

28   Act.  In support of this holding, the court also relied on the Supreme Court's decision in *Gonzales*

*v. Raich*, 545 U.S. 1, 17, 125 S.Ct. 2195 (2005) which upheld the application of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, to the manufacture, distribution and possession of marijuana to intrastate growers and users of marijuana based on Congress's power to regulate purely local activities that are part of an economic "class of activities" that have a substantial effect on interstate commerce. *Shavers* states that "[u]nder the aggregation theory relied on in *Raich*, the Commerce Clause supports federal regulation of an economic class of activity that, in the aggregate, substantially affects interstate commerce." 693 F.3d at 372. The court stated that "[l]ike the statute in *Raich*, the Hobbs Act regulates an economic 'class of activities' that, in the aggregate, has a substantial effect on interstate commerce." *Id.* The court therefore held that the effect on commerce of a Hobbs Act robbery may be shown by a reasonably probable effect on commerce, however minimal. *Id.* at 373.

The Ninth Circuit's decision in *United States v. Lynch, supra,* dealt with the appropriate tests for determining whether the Hobbs Act's interstate commerce requirement is met where the robbery or extortion crime is directed at an individual, rather than at a business. *Id.*, 437 F.3d 909-11. In *United States v. Rodriguez*, 360 F.3d 949, 955 (9th Cir. 2004), *cert. denied* 543 U.S. 867, 125 S.Ct. 210 (2004), however, the court stated that "[r]obbery of an interstate business, on the other hand, typically constitutes sufficient evidence to satisfy the Hobbs Act's interstate commerce element." The defendants in *Rodriguez* conspired with undercover officers to rob a fictional narcotics stash house. In upholding the conviction, the court relied on the fiction that the supposed drug traffickers were engaged in the interstate trafficking of narcotics.

In *United States v. Panaro*, 266 F.3d 939, 948 (9th Cir. 2001), the court held that the interstate commerce requirement was satisfied, in regard to the robbery of an auto repair shop, by the owner's testimony that he bought auto parts from out-of-state suppliers "many times." In *United States v. Phillips*, 577 F.2d 495, 501 (9th Cir. 1978), the court held that the interstate commerce nexus was satisfied where the defendants threatened the depletion of resources from a business engaged in interstate commerce. In *United States v. Boyd*, 480 F.3d 1178, 1179 (9th Cir. 2007), the defendant was convicted under the Hobbs Act for the robbery of a check cashing business. Although the business was owned by a domestic California corporation, it operated a

1   Western Union money order transfer business, cashed government checks, and provided ATM

2   services that allowed customers to access bank accounts outside California.  The evidence also

3   showed that the robbery caused the store to close early and left it without funds with which to

4   reopen the next day.  The court held that this evidence was sufficient to establish the required nexus

5   with interstate commerce.

6        The court in *United States v. Shavers*, *supra*, upheld the  defendants' Hobbs Act convictions

7   for the robbery of an unlicensed bar or "speakeasy."   The speakeasy was operated in the basement

8   of a Philadelphia residence.  The speakeasy owner purchased and sold brands of alcoholic

9   beverages which were manufactured outside of Pennsylvania.  The court noted that in prior cases it

10  had upheld Hobbs Act convictions that involved the robbery of a drug dealer whose drugs

11  originated in another state, *United States v. Walker*, 657 F.3d 160 (3rd Cir. 2011), and the robbery

12  of a tavern which netted approximately $50-70, *United States v. Haywood*, 363 F.3d 200 (3rd Cir.

13  2004).  *Shavers,* at 373.  The court also cited *United States v. Elias*, 285 F.3d 183, 189 (2d Cir.

14  2002) which held that the interstate commerce requirement was met where the defendant robbed a

15  New York grocery store that sold goods purchased in New York but produced outside of New York

16  and because the robbery depleted assets that might have been utilized to purchase out-of-state

17  goods.  *Id.* at 374.

18       Recent unpublished Ninth Circuit decisions are consistent with *Rodriguez, Atcheson,*

19  *Shavers* and the other cases discussed above.  In *United States v. Bellamy*, 521 Fed.Appx. 590,

20  2013 WL 1247646, *1 (C.A.9 (Nev.)) (filed March 28, 2013), the court stated that the undisputed

21  fact that the defendant robbed a convenience store that obtained its inventory from out-of-state

22  sources established the requisite impact on interstate commerce to support the defendant's Hobbs

23  Act robbery conviction.  In *United States v. Wiley*, 545 Fed.Appx. 598 (C.A.9 (Nev.)) (filed

24  October 3, 2013), the court upheld the defendant's Hobbs Act conviction noting that "the vast

25  majority of the alcoholic beverages sold by five of the businesses Wiley robbed were manufactured

26  outside the state of Nevada.  The other challenged business, a hotel, serves out-of-state guests.  The

27  depletion of the resources of such interstate businesses affects interstate commerce."

28  . . .

**CONCLUSION**

Although it is premature for the Court to decide the issue raised by Defendant, it is reasonably likely that the Government will be able to make the requisite showing at trial that the Rebel Gas Station was sufficiently engaged in interstate commerce to support federal jurisdiction under the Hobbs Act.   Accordingly,

**RECOMMENDATION**

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss Counts 1-4 (#124) be **denied**.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of September, 2014.

_George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge

7