UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:11-cr-00334-APG |
|---|---|
| Plaintiff | **ORDER DENYING MOTION TO VACATE** |
| v. | |
| TRACEY BROWN, | [ECF No. 293, 334] |
| Defendant | |

In 2015, a jury convicted defendant Tracey Brown of Interference with Commerce by Robbery (Hobbs Act robbery) in violation of 18 U.S.C. § 1951, Brandishing a Firearm during a Crime of Violence in violation of 18 U.S.C. 924(c)(1)(A)(ii), and Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Brown appealed his conviction and sentence, and the Ninth Circuit affirmed.

Brown moved under 28 U.S.C. § 2255 to vacate his conviction and sentence. ECF No. 293. I previously denied Brown's original grounds for relief but granted him leave to assert two additional grounds he raised while his petition was pending. ECF No. 320. First, Brown argues that Hobbs Act robbery is no longer a crime of violence under the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). After I granted Brown leave to submit a supplemental brief on this ground, the Ninth Circuit resolved the issue by holding that Hobbs Act robbery is a crime of violence. *United States v. Dominguez*, 954 F.3d 1251, 1254 (9th Cir. 2020). In light of the Ninth Circuit's decision, I will deny this ground for relief without further discussion.

Second, Brown argues that the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), makes his indictment and conviction fatally defective because the

government failed to allege in the indictment or prove at trial that he knew he was a felon when he possessed the firearm. Brown is correct that the indictment is defective under *Rehaif* because it fails to allege he knew he was a felon. And the jury was not instructed, and thus did not find, that Brown knew he was a felon. But, I will deny relief because the defective indictment did not deprive this court of jurisdiction and Brown cannot show he is actually prejudiced by these errors.

## Background

Prior to committing the instant offense of felon in possession of a firearm, Brown had an extensive criminal history. He had been convicted of at least five felonies for which he received and served prison sentences exceeding one year. At age 17, Brown was tried as an adult and convicted of felony burglary, for which he received a five-year sentence. At age 18, he was convicted of felony grand larceny and sentenced to a seven-year sentence, to be served concurrent with his burglary sentence. He was incarcerated nearly three years on these sentences. Shortly following his release from prison, he was convicted of felony conspiracy to commit burglary, for which he received a sentence of 28-72 months. He also was convicted of felony burglary and robbery with a deadly weapon and was sentenced to 30-100 months of incarceration. As a result of these sentences, Brown was imprisoned for nearly five years before being paroled. His parole was revoked when he committed a felony robbery, for which he was convicted and received a sentence of 24-60 months' incarceration. As a result of the parole revocation and the new sentence, Brown was incarcerated for four more years.

The superseding indictment in the present case alleged that in July 2011, Brown, "having been convicted of a crime punishable by imprisonment for a term exceeding one year . . . did knowingly possess a [firearm] . . . said possession being in and affecting interstate commerce; all

in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)." ECF No. 146.

Brown elected to be tried by a jury. The jury was instructed that, to find Brown guilty of the felon in possession of a firearm charge, it must find that the government proved beyond a reasonable doubt that (1) Brown knowingly possessed a firearm, (2) that the firearm had been shipped in interstate commerce, and (3) that Brown had been convicted of a crime punishable by imprisonment exceeding one year. Brown and the government stipulated both that the firearm had been shipped in interstate commerce and that "he had been convicted of a crime punishable by imprisonment for a term exceeding a year." The jury found Brown guilty of being a felon in possession of a firearm, committing Hobbs Act robbery, and brandishing a firearm during a crime of violence. ECF No. 200.

I sentenced Brown to 240 months incarceration for the Hobbs Act robbery conviction, a consecutive sentence of 36 months imprisonment for the felon in possession of a firearm conviction, and a further consecutive sentence of 84 months for the brandishing a firearm conviction, resulting in a total term of 360 months incarceration. Brown appealed his conviction and sentence, and the Ninth Circuit denied that appeal.

**Analysis**

The grand jury returned the superseding indictment against Brown in 2015, and he was convicted that same year. At that time, under the law of this circuit and every other circuit, the government was neither required to allege in the indictment nor prove at trial that the defendant knew of his status as a convicted felon. Four years later, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of

persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.[1]  Under *Rehaif*, the superseding indictment in this case is defective because it lacks an allegation that Brown knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Brown argues that this defect stripped this court of jurisdiction. It did not.

This court "has jurisdiction of all crimes cognizable under the authority of the United States . . . ." *Lamar v. United States*, 240 U.S. 60, 65 (1916). "The objection that the indictment does not charge a crime against the United States goes only to the merits of the case" and does not deprive the court of jurisdiction. *Id.*; *see also United States v. Cotton,* 535 U.S. 625, 630 (2002) (citing *Lamar* for the proposition that "defects in an indictment do not deprive a court of its power to adjudicate a case."). The Ninth Circuit has repeatedly cited *Cotton* for this principle. *See*, *e.g.*, *U.S. v. Velasco-Medina*, 305 F.3d 839, 845 (9th Cir. 2002) (rejecting the argument that the indictment's failure to allege the specific intent required for attempted reentry deprived the district court of jurisdiction). It applies even when considering appeals based on *Rehaif*. *See*, *e.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020) ("[T]he indictment's omission of the knowledge of status requirement did not deprive the district court of jurisdiction."). This court had and has jurisdiction over Brown's case.

Brown asserts that the defective indictment violated his Fifth and Sixth Amendment rights. He further argues that his conviction violates his Fifth Amendment right because the jury

---

[1] "It is therefore the defendant's *status*, and not his conduct alone, that makes the difference. Without knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful." *Rehaif*, 139 S. Ct. at 2197 (emphasis original). I reject Brown's argument that, under *Rehaif*, the government must also prove that the defendant knew that he was barred from possessing a firearm. *See United States v Dillard*, No. 2:09-cr-00057-JAD-GWF, 2020 WL 2199614, at *4 (D. Nev. May 6, 2020).

was not instructed and was not required to find his knowledge-of-status.  None of these theories has merit.

Because this § 2255 proceeding is Brown's first challenge to his indictment, as well as his first challenge of his conviction on the basis that the jury was not instructed and did not find that he knew of his status as a felon, he must show cause and actual prejudice.[2]  "To challenge a conviction in a § 2255 proceeding based upon a claim of error that could have been raised on direct appeal but was not, a defendant must demonstrate both cause to excuse the procedural default, as well as actual prejudice resulting from that error." *United States v. Seng Chen Yong*, 926 F.3d 582, 590 (9th Cir. 2019).  "'Cause' is a legitimate excuse for the default; 'prejudice' is actual harm resulting from the alleged constitutional violation." *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

---

[2] Brown is not entitled to automatic dismissal of the defective indictment because he did not challenge the indictment prior to his trial.  "[I]f properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999); *see also United States v. Qazi*, 975 F.3d 989, 992 (9th Cir. 2020) ("If a defendant properly challenges an indictment before trial and, on de novo appellate review, we determine the indictment omitted an essential element, *Du Bo* requires automatic dismissal regardless of whether the omission prejudiced the defendant.").

Nor is Brown entitled to a plain error review of his challenge to his indictment because he did not challenge it on appeal.  An untimely challenge to an indictment is reviewed for plain error if it is raised for the first time on appeal. *See United States v. Velasco-Medina*, 305 F.3d 839, 846 (9th Cir. 2002) (untimely challenge to an indictment on appeal reviewed for plain error); *United States v. Ross*, 206 F.3d 896, 899 (9th Cir. 2000) (same).

Similarly, because Brown did not challenge the jury instruction in his appeal, he is not entitled to plain error review of that claim.  When raised for the first time on appeal, a jury instruction that omits an element of the offense is reviewed for plain error. *See United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020).

For purposes of this motion only, I will assume Brown can show cause to excuse the default. But Brown has not and cannot show he is actually harmed by the either the defective indictment or the defective jury instruction.

If Brown's conviction is set aside, the government would be able to re-indict him to allege knowledge-of-status and to re-try him for being a felon in possession of a firearm. "[T]he double jeopardy guarantee 'imposes no limitations whatever upon the power to *retry* a defendant who has succeeded in getting his first conviction set aside' (emphasis in original)." *United States v. DiFrancesco*, 449 U.S. 117, 131, (1980) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 720 (1969)). The only exception is when a conviction is reversed because of insufficiency of the evidence. To the extent Brown is challenging whether the government submitted sufficient evidence to convict him, the argument is without merit and does not satisfy the exception. A challenge to the sufficiency of the evidence "must be assessed against the elements that the government was required to prove at the time of trial." *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020). Brown has not asserted that, when assessed as of the time of his trial, the government did not meet its burden. Rather, at the time Brown was tried, the elements that the government was required to prove were: (1) he knowingly possessed a firearm, (2) the firearm was shipped in interstate commerce, and (3) Brown had been convicted of a crime punishable by more than a year of imprisonment. Brown stipulated to the latter two elements, requiring only that the government submit evidence sufficient for the jury to find that that he knowingly possessed a firearm. Brown has not offered any argument that the government's evidence was insufficient as to that element.

I can consider the entire record to determine whether Brown is actually harmed by the defective indictment and jury instruction. In *Johnson*, the Ninth Circuit recently reviewed an

appeal of a § 922(g) conviction based on *Rehaif*. 979 F.3d 632.  The defendant was convicted after a bench trial on stipulated facts that did not include his knowledge-of-status.  The Ninth Circuit declined to dismiss the case and instead affirmed the conviction.  The court determined that Johnson's appeal was properly understood as asserting a trial error arising from the district court's omission of "the knowledge-of-status element now required under *Rehaif*."[3] *Id.* at 636.  Because Johnson had not timely objected to the district court's legal error, his claim was subject to plain error review. *Id.*  As the challenge concerned a trial error rather than insufficient evidence, "retrial would be permitted even if he succeeded in establishing plain error on appeal." *Id.* at 637.  As retrial was available, the court was authorized to review the entire record on appeal, not just the record adduced at trial. *Id.*  Reviewing for plain error, the court held that a retrial would result in the same conviction because the defendant could not offer a plausible basis for a different outcome. *Id.* at 639.

> [I]f the hypothetical retrial is certain to end in the same way as the first one, then refusing to correct an unpreserved error will, by definition, not result in a miscarriage of justice.  Indeed, choosing to correct the error in those circumstances would produce the very sort of wasteful reversals that [Federal Rule of Criminal Procedure] 52(b) aims to avoid.

*Id.* at 637 (internal quotation and citation omitted).[4]  The record on appeal (including the Presentence Report) showed that Johnson had several prior felony convictions and had already

---

[3] While Johnson framed his claim as challenging the sufficiency of the evidence, the Ninth Circuit re-framed his claim as he had not contested whether "the government introduced evidence sufficient to satisfy each of the elements required for conviction at the time of his trial." *Id.* at 636.

[4] "As the Supreme Court has stated, Rule 52(b) authorizes courts to correct unpreserved errors, but that power is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *Id.* at 636-37 (citations and internal quotation marks omitted).

served three prison sentences of over one year.  "In light of the sentences imposed in his earlier cases, Johnson cannot plausibly argue that a jury . . . would find that he was unaware of his status as someone previously convicted of an offense punishable by more than a year in prison." *Id.* at 639.  That evidence justified affirming the conviction even though the stipulated facts in the bench trial did not establish Johnson's knowledge-of-status.

The *Johnson* court employed the plain error standard because the case arose on direct appeal and the defendant failed to object at trial. *Id.* at 636.  Here, however, Brown raises each of his claims for the first time in a § 2255 motion.  The "cause and actual prejudice" standard for review of a § 2255 motion is a significantly higher burden than the plain error standard on a direct appeal. *United States v. Frady*, 456 U.S. 152, 166-67 (1982) ("We reaffirm the well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.").[5]  *Johnson* would require me to deny Brown's motion under a plain error review, so I likewise must deny the motion under the higher hurdle of the cause and prejudice standard.

As in *Johnson*, I can look to the entire record, including the Presentence Report, to determine whether Brown can show actual prejudice from the defective indictment and jury instruction. *Johnson,* 979 F.3d at 637.  According to the Presentence Report, Brown had been convicted of at least five different felonies before this case.  For each of those felonies, he was sentenced to a term of imprisonment exceeding one year, receiving sentences of 60 months, 84 months, 28-72 months, 30-100 months, and 24-60 months.  Brown was actually incarcerated for

---

[5] *Cf. United States v. Timmreck*, 441 U.S. 780, 784 (1979) ("[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.").

8

more than one year on each of these sentences. Brown offers no evidence or argument disputing this criminal history. He does not claim he was unaware that he had been convicted of a felony or that he was unaware that he had been imprisoned on each conviction for more than one year. At trial, rather than allowing the government to meet its burden of proof by submitting evidence of his five prior convictions to the jury, he stipulated that "on the date which the Indictment alleges the crimes occurred, he had been convicted of a crime punishable by imprisonment for a term exceeding one year." No plausible argument exists that either the grand jury or the petite jury would find that the defendant, who had been imprisoned for more than a decade at the time of his offense, was unaware of his status that he had been convicted of at least one offense punishable by a term of imprisonment exceeding one year. If I dismiss the indictment and vacate Brown's conviction for felon in possession of a firearm, he could be reindicted and retried, and the result would be the same.

Again, I assume Brown can show cause for failing to challenge his indictment and the jury instruction in his appeal. But the overwhelming and uncontroverted evidence establishes that Brown is not suffering actual prejudice because of the defects in the indictment and jury instructions under any of his theories. I therefore deny his § 2255 motion.

### Certificate of Appealability

To appeal this order, Brown must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–

84 (2000) (quotation omitted). This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

I have denied Brown's motion based on the Ninth Circuit's decision in *Johnson*. While *Johnson* employed the plain error standard of review, Brown faces a "significantly higher hurdle" for his § 2255 motion. *Frady*, 456 U.S. at 166. The undisputed facts establish that Brown is not prejudiced by either the defective indictment or jury instruction because he could be reindicted and retried and the outcome would be the same. Reasonable jurists cannot debate that conclusion. I will thus deny Brown's request for a certificate of appealability.

I THEREFORE ORDER that defendant Tracey Brown's motion under 28 U.S.C. § 2255 **(ECF No. 293, 334) is DENIED**.

I FURTHER ORDER that Brown is denied a certificate of appealability.

I FURTHER ORDER the Clerk of Court to enter a separate civil judgment denying Brown's § 2255 motion. The Clerk shall file this order and the civil judgment in this case and in the related civil case number 2:18-cv-2146-APG.

DATED this 11th day of December, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE